


UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE FIELDS, | * | CIV. 07-4086 |
| Plaintiff, | * | |
| vs. | * | REPORT AND RECOMMENDATION |
| | * | TO DISMISS UPON SCREENING |
| DOUGLAS L. WEBER; JESSICA STEVENSON; JULIE SPURRELL; all in their official and unofficial capacites; | * | |
| Defendants. | * | |

Pending is the need to screen Mr. Fields' complaint pursuant to 28 U.S.C. §1915 (Doc. 1). Mr. Fields alleges that he is confined at the South Dakota State Prison. He has been granted in forma pauperis status (Doc. 6).

## BACKGROUND

Mr. Fields alleges that he has "asked several times to get a second opinion about what is the cause of my migranes (sic)." He believes the cause is from metal shavings in his eye "that happened on May 10, 2004, while I was working on the fence detail." He requests $250,000 for his pain and suffering and to have all his medical bills paid. He has sued Douglas Weber, Mark LNU, Jared LNU, Michelle LNU, Rose LNU, Carrie LNU, Jessica Stevenson, and Julie Spurrell all in their "official and unofficial" capacities. "They all work at the Department of Corrections medical here in South Dakota."[1]

---

[1] Because historically many prisoner complaints have been screened, it is known that Douglas Weber is the Warden at the South Dakota State Penitentiary.

## DISCUSSION

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) cert. den., 513 U.S. 829, 115 S.Ct. 100, 130 L.Ed.2d 49 (1994). If it does not, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. A prisoner's allegation of inadequate medical attention was recognized as a potentially viable claim for a violation of the prohibition against cruel and unusual punishment, via a § 1983 cause of action, in Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a cause of action, the prisoner must sufficiently allege "deliberate indifference" to a prisoner's "serious illness or injury." Id., 429 U.S. at 105, 97 S.Ct. at 291. "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id.

With regard to the "deliberate indifference" requirement, the courts have made clear that mere negligence or medical malpractice is not enough. Id., 497 U.S. at 107, 97 S.Ct. at 293. "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg

2

v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). And, prison officials may also avoid liability if they "responded reasonably to the risk, even if the harm ultimately was not averted." Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998) (citation omitted). Also, "repeated negligent acts indicating systemic deficiencies in the method of providing medical care" may amount to deliberate indifference. DeGidio v. Pung, 920 F.2d 525, 532 (8th Cir. 1990).

To prevail on a claim of deliberate indifference, a plaintiff must prove: (1) he suffered objectively serious medical needs and; (2) the prison officials actually knew but deliberately disregarded those needs. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). To show deliberate indifference, the plaintiff must show prison officials "knew of, yet disregarded, an *excessive* risk to [his] health." Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997)(emphasis added, citations omitted). A prisoner's bare assertion or self-diagnosis alone, however, is insufficient to establish the existence of a medical condition. Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994). "When an injury is sophisticated, proof of causation generally must be established by expert testimony. A causal connection between an event and an injury may be inferred in cases in which a visible injury or a sudden onset of an injury occurs. However, when the injury is a sophisticated one, i.e., requiring surgical intervention or other highly scientific technique for diagnosis, proof of causation is not within the realm of lay understanding and must be established through expert testimony." Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002). "Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). A prisoner's difference of opinion over matters of expert medical judgment or a prescribed course of treatment does not rise to the level of

a constitutional violation. Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981). The Eighth Circuit has also noted that a prison health care system's failure to provide treatment that is "as extensive as a private health care provider" might have offered does not rise to the level of deliberate indifference. Logan v. Clarke, 119 F.3d 647, 650 (8th Cir. 1997).

There is no respondeat superior liability for supervisors with regard to prisoner deliberate indifference claims. "A general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Prison officials who lack medical expertise cannot be held liable for the diagnostic decisions of medical staff. Id.

Mr. Fields complaint fails to state a claim upon which relief can be granted for many reasons. The most that can be concluded from his complaint is that Mr. Fields believes he should receive a second opinion about his medical condition. His difference of opinion with the expert medical judgment of the persons on the medical staff at the South Dakota State Penitentiary about the need for a second opinion does not rise to the level of a constitutional violation. He has not identified whether he is claiming negligence on the part of the defendants or whether he is claiming a constitutional violation under the Eighth Amendment. Accepting all of his allegations as true, he has not alleged a constitutional violation. Only constitutional violations may be addressed in federal court. Negligence, of course, is not enough to vest the federal court with jurisdiction in a prisoner § 1983 case. Deliberate indifference to his medical needs has not been alleged. There is no vicarious liability under § 1983. The allegations fail to show the personal involvement of any of the named defendants. The allegations fail to explain why supervisory liability is applicable.

## CONCLUSION

The most Mr. Fields has alleged is that he has a difference of opinion with the medical staff at the South Dakota State Penitentiary about his need for a second opinion about his migraine headaches. There is no point in allowing additional time for Mr. Fields to amend his complaint. His conclusory allegation about the failure to arrange a second opinion is accepted as true for the purpose of screening his complaint. If he alleged more specific facts addressing the need for a second opinion and the failure to arrange a second opinion, the result would still be that he has failed to state a claim upon which relief can be granted. It is therefore, respectfully **RECOMMENDED** that his complaint should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this __31__ day of October, 2007.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: _____, Deputy

(SEAL)